Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed in the superior court of chancery, for the discovery of the amount of a note alleged to have been destroyed by fire, and for a decree for such amount as might be found due.
The material point made in the defence is, that there is an adequate remedy at law, and that therefore a court of equity has no jurisdiction.
The cases upon this point are not uniform, and are involved in some degree of embarrassment. In the case of The East India-Company v. Boddam, 9 Ves. 468, a party was permitted to recover in equity upon a lost bond. Jurisdiction was enter-tertained, not only because no profert could be made of the lost instrument, but because the defendants had a right to indemnity not only against the bond, but against all costs and damages to which they might be subjected in another suit. In Mossop v. Eador, 16 Ves. 430, a bill was dismissed which was filed to coerce payment of a promissory note which had been lost. But in Hansard v. Robinson, 7 Barn. & Cress. 90, it was held that the indorsee of a lost bill of exchange could not recover upon it, in a court of law, and that the remedy was in equity. *332 In Davis v. Dod, 4 Price Ex. Rep., it was holden that the in-dorsee of a lost bill might recover upon it in equity. The chief baron, Richards, said, “It does not become me to say whether the plaintiff has or has not any remedy at law, but even though he should have such a remedy, he has also a remedy here, and if he had commenced an action at law, the defendant might have restrained him by injunction from proceeding, and for this obvious reason, because a court of law could not compel him to give security, which a court of equity would hold he was entitled to.” He also applies the rule as well to instruments not negotiable, as to those which are. In McCartney v. Graham, 2 Simons, 285, it is said that Mossop v. Eador is overruled in Hansard v. Robinson, and a bill was sustained to recover on a lost bill of exchange. Judge Story is in favor of the jurisdiction in equity, as well in regard to instruments not negotiable, as those which are, not only because it can require indemnity against the instrument itself, but also against the damages and accumulated expenses of another suit. Eq. Jur. §§ 85,86, p. 103.
From this view of the authorities, we are of opinion that the jurisdiction in equity is established and ought to be sustained. The bond of indemnity in this case was of the required character.
The objections taken to the proceedings in the chancery court are not valid. The directing an issue to be tried by a jury was not erroneous ; the chancellor had a right to adopt that mode to inform his conscience. The objection to the want of other parties was not urged before the hearing; it is too late, in a case like this, to rely upon it now. The amendment of the bill after the verdict is no cause for reversing; the amendment itself was unnecessary. But amendments are discretionary with the court below, and this court does not attempt to control the ■exercise of that discretion.
The decree is affirmed.